UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEVORKIAN GRACE                                                                    PETITIONER

VS.                                                    CIVIL ACTION NO.: 3:15-cv-895-DPJ-FKB

W.D. "Billy" SOLLIE, Sheriff                                                      RESPONDENT

ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Kevorkian Grace is presently incarcerated at the Lauderdale County Detention Facility in Meridian, Mississippi. The Court, having considered his pro se habeas petition and the relevant authorities, finds that this case should be dismissed for the reasons that follow.

I.     Background

On December 14, 2015, Petitioner filed a writ of habeas corpus stating that he "believes" his Sixth and Fourteenth Amendment rights have been violated. Pet. [1] at 1. Specifically, Petitioner claims that his speedy-trial rights have been violated. *Id.* In his Amended Petition [9], Grace states he was arrested on January 19, 2015, indicted on March 25, 2015, and has not yet been convicted.[1]  Pet'r's Resp. [9] at 2, 5. Petitioner's grounds for habeas relief are as follows:

> Ground One:  Petitioner has been falsely accused & arrested on case no. 208-15 of armed robbery, when petitioner has an unimpeached alibi in his defense, after reviewing over thoroughly impeached co-defendant statements.
>
> Ground Two:  Detectives assigned to case was [sic] fired off of the force due to various reasons against the law.
> Ground Three:  No response to Motion for a speedy trial when requested by lawyer.

---

[1]The Court entered an Order [5] on January 11, 2016, construing Petitioner's Petition for habeas relief as being filed pursuant to 28 U.S.C. § 2241, and directing Petitioner to file his Petition on the AO form provided by the Court. Petitioner complied with that Order [5] and the Amended Petition was docketed on February 17, 2016, as a Response [9] to the Court's Order [5] entered January 11, 2016.

*Id.* at 6–7. As relief, Petitioner requests the dismissal of all charges regarding case number 208-15. *Id.* at 8.

II.     Analysis

While a pre-trial detainee like Grace has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489 (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking "only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 489–90) (citing *Smith v. Hooey*, 393 U.S. 374 (1969)). The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *Id.* If the petitioner is seeking to dismiss an indictment or otherwise prevent prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* But if the petitioner is attempting to "force the state to go to trial," then he is merely seeking to compel the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* The former objective is generally not attainable through federal habeas corpus; the latter is. *Id.*

Here, Grace seeks dismissal of his state criminal charges, *see* Pet'r's Resp. [9] at 8, and is therefore attempting "to abort a state proceeding or to disrupt the orderly functioning of state

judicial processes," which is not available through federal habeas corpus. *See Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir.1987) (quoting *Brown*, 530 F.2d at 1283). Thus, Grace cannot maintain these claims in a request for federal habeas relief.

Additionally, to the extent Grace's claims can be construed as a request to force the State of Mississippi to bring him to trial, he is required to exhaust his claims in state court prior to pursuing a federal habeas corpus petition. *See Dickerson*, 816 F.2d at 228. The exhaustion requirement gives the State the "'opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). In order to satisfy the exhaustion requirement, Grace must present his claims to the state's highest court in a procedurally proper manner. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839–840 (1999).

The State of Mississippi provides available remedies for a criminal defendant to assert that his constitutional right to a speedy trial has been violated. *See, e.g.*, *Reed v. State*, 31 So. 3d 48, 56–57 (Miss. Ct. App. 2009) (finding that criminal defendant may assert a demand for a speedy trial in the trial court but is required to obtain a pretrial ruling on that motion). Though Grace has filed a speedy-trial motion in state court, he indicates that the motion has not been heard. *See* Pet'r's Resp. [9] at 7. As such, Grace has failed to demonstrate that he has exhausted his state-court remedies for the claims presented in this Petition. *See Dickerson*, 816 F.2d at 228 (finding inmate's numerous preindictment motions in the state court requesting that he be tried as soon as possible did not satisfy exhaustion of speedy trial issue for federal habeas petition).

Therefore, to the extent Grace's claims can be construed as a request to force the State of Mississippi to bring him to trial, they are dismissed without prejudice as unexhausted.[2]

To be clear, the Court is not passing judgment on the validity of Grace's claims related to the substantial delays he has experienced, but is simply holding that before he can bring the matters to this Court, he must first pursue them in state court.

III.   Conclusion

Grace's habeas claims that seek to dismiss his state criminal charges are not actionable via federal habeas corpus and will be dismissed with prejudice. On the other hand, Grace's habeas claims that seek to force the State of Mississippi to bring him to trial will be dismissed without prejudice because he has not exhausted his state-court remedies prior to filing this Petition.

**SO ORDERED AND ADJUDGED** this the 19th day of February, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2]Grace does not claim, nor does the Court find, the presence of exceptional circumstances to excuse the exhaustion requirement. *See Deters v. Collins*, 985 F.2d 789, 795–96 (5th Cir. 1993) (holding exhaustion requirement may only be excused in "'rare cases where exceptional circumstances of peculiar urgency' mandate federal court interference") (quoting *Ex Parte Hawk*, 321 U.S. 114, 117 (1944)); *Dickerson*, 816 F.2d at 227 (holding that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement") (quoting *Braden*, 410 U.S. at 489).

4